J. S67035/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :  IN THE SUPERIOR COURT OF
:     PENNSYLVANIA
               Appellee   :
:
     v.           :
:
DAVID GORDON OSTER,     :
:
               Appellant  :  No. 784 WDA 2014

Appeal from the Order April 30, 2014
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0002039-2013

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:       **FILED DECEMBER 18, 2014**

Appellant, David Gordon Oster, appeals from the order entered in the Erie County Court of Common Pleas classifying him as a Sexually Violent Predator ("SVP"),[1] following his no contest plea to indecent assault,[2] endangering the welfare of children,[3] and corruption of minors.[4] He

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. § 9799.12.

[2] 18 Pa.C.S. § 3126(a)(7).

[3] 18 Pa.C.S. § 4304.

[4] 18 Pa.C.S. § 6301.

J. S67035/14

challenges the sufficiency of the evidence to support his designation as a SVP. We affirm.[5]

We state the procedural history and facts as set forth by the trial court:

> On January 2, 2014, Appellant appeared before this Court and pled no contest to one count each of indecent assault, endangering welfare of children, and corruption of minors. In exchange, the Commonwealth *nolle prossed* the charge of aggravated indecent assault of a child, a felony of the first degree. Following the plea, this Court ordered a [SVP] assessment pursuant to Pennsylvania's version of "Megan's Law", the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10 *et. seq.* ("SORNA").[6]
>
> Appellant's SVP hearing was held on April 30, 2014. At that time, Brenda A. Manno,[7] a licensed clinical social worker and board member of the Pennsylvania Sexual Offender Assessment Board, **testified to a reasonable**

---

[5] The Commonwealth did not file a brief in the instant case.

[6] This Court in **Commonwealth v. Prendes**, 97 A.3d 337 (Pa. Super. 2014) noted:

> Megan's Law provisions . . . expired on December 20, 2012. **See** 42 Pa.C.S.A. §§ 9791-9799.9. [SORNA] became effective in its place. **See** 42 Pa.C.S.A. §§ 9799.10-9799.41. . . . While the statutory section numbers changed the enactment of SORNA, the standards governing the expert witness assessment for the SVP hearing remained substantially the same.

**Id.** at 346 n.3.

[7] At the SVP hearing, the parties stipulated Ms. Manno was "an expert in the field of behavior assessment & treatment of sexually violent offenders." N.T. SVP Hr'g, 4/30/14, at 7.

**degree of professional certainty that Appellant met the statutory criteria for classification as a [SVP]**.

Trial Ct. Op., 6/18/14 at 1 (citations omitted) (emphasis added).

Ms. Manno testified, *inter alia*, as follows:

We look at the facts of the current offense, whether or not there were multiple victims, and in this case there was only one. We review whether or not he exceeded the means necessary to achieve the offense, and I did not find that present I this case. The nature of the sexual contact with the child involved fondling her vaginal area on numerous occasions. The relationship of the offender to the victim. [Appellant] was her uncle. The child would have been between three to eight years of age during the time of the offenses.

I did not find a display of unusual cruelty in this case. Records did not indicate the victim had any additional mental vulnerability, however[,] I found that she was vulnerable and her mental capacity limited due to the young age at the time of the offences occurred.

We also look at prior criminal record. [Appellant] was charged as a juvenile for fire setting but those charges were dismissed, so he has no prior record, therefore he has never completed any prior sentences and he has not participated in sex offender specific treatment.

I reviewed his characteristics at the time of the offense. He would have been approximately 18 to 24 years of age. He does have a history of illegal drug use. . . . He admits the history of cocaine use and marijuana use, some inhalants and prescription medication abuse as well.

We look at the history of past mental illness, mental disability or mental abnormality. He does have a history of past diagnosis and treatment. He reported a diagnosis of treatment for Attention Deficit Hyperactivity Disorder as well as for issues of depression.

The other factors that I considered was just the expanse of time that the offences occurred, the age of the

victim, which was young, three to eight years old, and the fact that [Appellant] was an adult and would have been 18 to 24 years old at the time of the offense.

N.T. at 9-10.

Following review of all the information at her disposal, Ms. Manno diagnosed Appellant with "Pedophilic Disorder:"

> **I found he met the diagnostic criteria for Pedophilic Disorder** as defined in the DSM-5.[8]  That indicates that there's a period of at least six months where there's recurrent, intense sexually arousing fantasies, urges or behaviors involving sexual activity with a prepubescent child, which they generally note is under 13 years of age, and that the person has acted on these urges, or the urges or fantasies cause marked distress or interpersonal difficulty.  We have an individual who is at least 16 years of age and five or more years older than the child or children.  We clearly have those diagnostic criteria met in this case.

*Id.* at 11 (emphasis added).  She further testified that **pedophilia is a lifetime disorder and makes Appellant likely to reoffend in a sexual manner**.  *Id.* at 11-12 (emphasis added).

Ms. Manno said Appellant's behavior was predatory in nature:

> **The definition of predatory states an act directed at a stranger or at a person with whom a relationship is initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization.**  I find that [Appellant] maintained or promoted that relationship and used his role as the child's uncle and his access that he had to her to sexually offend upon her on numerous occasions over a period of years.

---

[8] The court defined "DSM5" as the Diagnostic and Statistical Manual, Fifth Edition.  N.T. at 25.

*Id.* at 12 (emphasis added).

Following the hearing, the trial court found that Appellant was an SVP. "Appellant was sentenced as follows: 9 to 24 months' incarceration at Count 2 (indecent assault); 12 to 24 months' incarceration at Count 3 (endangering welfare of child), consecutive to Count 2; and, 12 to 40 months' incarceration at Count 4 (corruption of minors), consecutive to Count 3." Trial Ct. Op. at 2.

This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion when it found Appellant to be a sexually violent predator as there was insufficient evidence to support such a finding.

Appellant's Brief at 3.[9]

Appellant avers "the court failed to adequately consider [his] young age, his significant drug and alcohol abuse, the fact that there was no evidence that he exceeded the means necessary in committing the offenses and that he did not display cruelty to his victim." *Id.* Appellant further claims the "expert witness testimony **did not** indicate that [he] exhibited

---

[9] Appellant did not file post-trial motions. However, a challenge to the sufficiency of the evidence supporting an SVP determination can be made for the first time on appeal. *See* Pa.R.Crim.P. 606(A)(7); ***Commonwealth v. Fuentes***, 991 A.2d 935, 941 n.4 (Pa. Super. 2010).

any prior mental health problems or deviant sexual behavior." *Id.* at 9. He also argues the evidence was insufficient to find his behavior predatory in nature. We find no relief is due.

The standard of review of a challenge to the sufficiency of the evidence for a determination of SVP status is *de novo*, as it is a question of law. ***Commonwealth v. Sanford***, 863 A.2d 428, 431 (Pa. 2004). The scope of review of a challenge of the sufficiency of the evidence requires us to view the evidence

> [i]n the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue.
>
> The scope of review is plenary. [A]n expert's opinion, which is rendered to a reasonable degree of professional certainty, is **itself** evidence.

***Prendes***, 97 A.3d at 355-56 (citations and quotation marks omitted).

The factors which an expert considers when making an SVP analysis are dictated by Section 9799.24(b) of SORNA:

> **§ 9799.24. Assessments**
>
> **(b) Assessment.**—Upon receipt from the court of an order for an assessment, a member of the board . . . shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the

assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24.

Furthermore,

"To deem an individual a sexually violent predator, the Commonwealth must first show [the individual] 'has been convicted of a sexually violent offense as set forth in [section 9799.14]. . . .'" "Secondly, the Commonwealth must show that the individual has 'a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses.'" . . .

\*     \*     \*

"With regard to the various assessment factors . . . , there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation." "Thus, '[t]he Commonwealth does not have to show that any certain factor is present or absent in a particular case.'" . . .

**Prendes**, 97 A.3d at 357-59 (citations omitted).

"A mental abnormality" is defined by statute as follows:

A congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.

42 Pa.C.S. § 9799.12. "Predatory" is defined as "[a]n act directed at a stranger or at a person which whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." **Id.**

In ***Prendes***, this Court affirmed a finding that the defendant was a SVP where he (1) "suffer[ed] from the 'mental abnormality' of pedophilia," (2) "abused a young child over a period of several years, which demonstrates that he is likely to reoffend[,]" and (3) "exploited a family relationship to have the child repeatedly placed in his care, which is 'predatory' behavior." ***Prendes***, 97 A.3d at 361.

In the case *sub judice*, the trial court opined:

> At the SVP hearing, Ms. Manno explained that she reviewed the following: (1) records and a report prepared by Nicole Bahr (another member of the Board), including historical information provided by Appellant; (2) Child Line records; (3) the police criminal complaint, affidavit of probable cause, and other information regarding the offenses; (4) records from the Pennsylvania Department of Transportation; (5) Erie County Juvenile Probation records; (6) Erie County Adult Probation records; (7) Pennsylvania Child Support Program records; and (8) nonparticipation letter from defense counsel. **She explained the relevant statutory criteria that she considered and rendered her opinion that Appellant met the diagnostic criteria for Pedophilic Disorder as defined in the DSM-5.** Based on that diagnosis, she opined that **Appellant suffers from a mental abnormality or personality disorder that would make him likely to reoffend in a sexual manner.**
>
> **Ms. Manno concluded his behavior was predatory** as defined under the statute. She found that Appellant maintained or promoted his relationship as the victim's uncle to have access to, and sexually offend her, on numerous occasions of a period of years. On cross-examination, Ms. Manno further delineated the reasons for her conclusion.
>
> > I'm not indicating there was an initiation or establishment. That was done through birth as she was his niece. . . . In the police report the child

reports ongoing incidents of abuse that included [the] skin to skin contact when the two were left alone. So the fact that we have a duration of approximately somewhere around five years of incidents that occurred as soon as the opportunity arose when he had access to the victim without others present, I find that i[n] maintaining or promoting that relationship out of the uncle/niece realm into the sexual realm, at least in part on an ongoing basis.

In making [its] determination, this [c]ourt credited Ms. Manno's testimony and her report. It also considered the record, all of the relevant statutory provisions, and made detailed findings. It agreed with her assessment and concluded that:

. . . I think what is at issue here is **the exploitation of the relationship that he had with the child**. The living together, the family relationship, the fact that we have multiple events while he had his close relationship with the child and her vulnerability indicates to the Court there was an exploitation of this relationship which brings this into the definition of potential - - I should say predatory, not potential but **predator behavior**. . .

\* \* \*

. . . As reflected by the record, the Commonwealth presented clear and convincing evidence sufficient to establish that Appellant was a [SVP].

Trial Ct. Op. at 5-7. We agree no relief is due.

Instantly, we agree with the trial court that the evidence was sufficient to classify Appellant as a SVP. He suffered from pedophilia, abused a young child over a period of several years, and exploited a family member exhibiting predatory behavior. ***See Prendes***, 97 A.3d at 361. Accordingly, we affirm.

- 10 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014