all of appellants' issues; thus, it has exclusive jurisdiction over the claim. *See generally Empire Sanitary Landfill, Inc. v. Commonwealth, Department of Environmental Resources,* 546 Pa. 315, 684 A.2d 1047, 1053 (1996) (quoting *National Solid Wastes Management Association v. Casey,* 135 Pa. Cmwlth. 134, 580 A.2d 893, 897 (1990), *aff'd,* 533 Pa. 97, 619 A.2d 1063 (1993)) ("A court is '[t]o defer judicial review where the question presented is one within an agency specialization and where the administrative remedy is likely to produce the desired result.' "). Appellants can pursue their challenge to the alleged excessive reserves and surpluses IBC held through the Insurance Department. 1 Pa.Code § 35.9.

Therefore, I would affirm the Commonwealth Court's grant of preliminary objections.

909 A.2d 1220

**COMMONWEALTH of Pennsylvania, Petitioner**

**v.**

**Michael L. SANFORD, Respondent.**

Supreme Court of Pennsylvania.

Nov. 21, 2006.

## *ORDER*

PER CURIAM.

The Petition for Allowance of Appeal is hereby **GRANTED,** and the order of the Superior Court is **REVERSED.** *See Commonwealth v. Sanford,* 580 Pa. 604, 863 A.2d 428 (2004). Jurisdiction relinquished.

Justice SAYLOR notes his dissent.

909 A.2d 1221

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Thomas Edward BORTZ, Appellant.**

Supreme Court of Pennsylvania.

Resubmitted May 18, 2006.

Decided Nov. 22, 2006.

