J-S19026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID GLENN WILLIAMS | |
| Appellant | No. 2338 EDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002487-2013

BEFORE: STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.: **FILED APRIL 21, 2015**

David Glenn Williams ("Appellant") appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas following his guilty plea conviction for child pornography.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. **See** Trial Court Opinion, dated October 14, 2014 ("Trial Court Opinion"), pp. 1-4. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

    I.    WHETHER SUFFICIENT EVIDENCE WAS PRESENTED TO SUPPORT [SEXUALLY VIOLENT PREDATOR ("SVP")] CLASSIFICATION OF APPELLANT WHERE APPELLANT HAD A HISTORY OF VIEWING CHILD PORNOGRAPHY, HAD ONE

---

[1] 18 Pa.C.S. § 6312(d).

PRIOR CONVICTION FOR STATUTORY SEXUAL ASSAULT AND NO HISTORY OF FAILED TREATMENT?

II. WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION IN CLASSIFYING APPELLANT AS AN SVP WHERE IT DID NOT INDICATE ITS REASONS, WHERE THERE WAS A LACK OF EVIDENCE IN SUPPORT OF THE STATUTORY FACTORS?

Appellant's Brief, p. 5.

Our review of Appellant's SVP status implicates the following principles:

> The determination of a defendant's SVP status may only be made following an assessment by the Board and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator.
>
> As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Fuentes*, 991 A.2d 935, 941-42 (Pa.Super.2010).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan Mark, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, pp. 4-8) (finding Commonwealth proved Appellant was an SVP with clear and convincing evidence, including the uncontradicted assessment of the Sexual Offenders Assessment Board's

- 2 -

counselor and evaluator, which considered all relevant factors listed in 42 Pa.C.S. § 9799.24, including Appellant's personal and criminal history and diagnosis of other specified paraphilic disorder, in determining Appellant's SVP status). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015

**COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA     :

                     :     **NO. 2487 CR 2013**

              v.                 :

                     :     **APPEAL DOCKET NO.**

DAVID GLENN WILLIAMS,           :     **2338 EDA 2014**

                     :

         **Defendant**             :

                     :

## <u>OPINION PURSUANT TO Pa.R.A.P. 1925(a)</u>

Following the denial of his post-sentence motion for reconsideration of sentence, Defendant David Glenn Williams ("Defendant") filed an appeal from the judgment of sentence entered on June 30, 2014. After the appeal was filed, we directed Defendant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Defendant complied. We now file this opinion in accordance with Pa.R.A.P. 1925(a).

The Affidavit of Probable Cause, the Pre-Sentence Investigation report ("PSI") which was not corrected by Defendant, and our remarks at Defendant's sentencing hearing provide a full recitation of the relevant factual and procedural history. In summary:

On April 5, 2011, Defendant's co-worker, Darren Higdon Sr., went to the Lehighton Pennsylvania State Police Barracks to speak with Trooper Patrick Finn regarding child pornography supplied by Defendant to Higdon's son, and his son's friend. Higdon gave Trooper Finn a thumb drive containing child pornographic images and videos which Defendant had given to Higdon's son when Defendant loaned his computer to Higdon. Trooper Finn interviewed Defendant regarding the thumb drive.

1



4

Defendant admitted to downloading the videos of child pornography depicting 12 to 14 year-old females, confessed that he was attracted to and aroused by young females, and stated that he masturbated to the videos. A computer analysis of the thumb drive revealed six video files containing child pornography along with one deleted file of child pornography.

On June 1, 2011, Defendant was arrested and charged in a separate matter with sexually assaulting a 14 year-old girl. On March 6, 2012, he pled guilty to Statutory Sexual Assault, a felony of the second degree. He was sentenced by this Court to 22 months to 10 years in a State Correctional Institution. On June 10, 2013, Defendant was denied parole by the Board of Probation and Parole for failing to complete required Sex Offenders Treatment.

On August 1, 2013, Defendant was charged in this case with six counts of Sexual Abuse of Children for possession of the child pornography. On January 7, 2014, he pled guilty to Sexual Abuse of Children, a felony of the third degree. As part of the plea, the Commonwealth agreed to dismiss the remaining charges.

After accepting the plea, we entered an order directing that our Probation Department prepare a PSI report and that the Sexual Offenders Assessment Board (SOAB) conduct a Sexually Violent Predator (SVP) assessment and file a report containing its conclusions. In addition, a sentencing hearing was scheduled.

Prior to sentencing, SOAB issued a report identifying Defendant as an SVP. Accordingly, we ordered that an SVP hearing be held immediately prior to the sentencing hearing.

On June 30, 2014, the SVP hearing was convened as scheduled. During the SVP hearing, the Commonwealth presented the SOAB report together with the testimony of Paula Brust, MA, LPC, NCC, the evaluator who had authored the report. (N.T., 6/30/14 at 4-18; SOAB Report). Based on her evaluation of all available information, including Defendant's admission to viewing child pornography for decades, the fact that he is aroused by young girls, his prior criminal history including his conviction for Statutory Sexual Assault on a young girl, and his refusal to complete sexual offender treatment, Ms. Brust diagnosed Defendant as having a mental abnormality or personality disorder, namely, Other Specified Paraphilic Disorder. (*Id.* at 9-13; SOAB Report at 7). Further, Ms. Brust found that Defendant exhibited predatory behavior by, among other things, his inability to control self-defeating behaviors, the escalation over time of his paraphilic behavior that has manifested itself in his searching for, viewing, saving, and masturbating to child pornography for at least 20 years and culminated with his preying upon a young girl for months and then sexual assaulting her. (*Id.* at 9-13; SOAB report at 8-9). Based on these findings, Ms. Brust concluded that Defendant met the criterion to be classified as an SVP. (*Id.* at 9-13; SOAB Report). Defendant did not present testimony or evidence to contradict Ms. Brust's findings. (*Id.* at 20).

After considering the evidence presented during the hearing, including the SOAB report, we found that the Commonwealth had proven by clear and convincing evidence that Defendant was an SVP. We found Ms. Brust to be credible, concluded that she properly considered statutory SVP factors, and determined that her diagnoses and conclusions were supported by both the facts and the law. (N.T., 6/30/2014, at 25-32).

3

After the SVP hearing concluded, the sentencing hearing was convened. At the conclusion of the hearing, we sentenced Defendant to incarceration of not less than 12 months nor more than 24 months. In addition, we classified Defendant as an SVP and directed that he comply with the provisions of Megan's Law, 42 Pa. C.S.A. Section 9799.10 *et. seq.* (*Id.* at 25-29; Order entered June 30, 2014).

Subsequently, Defendant filed a post-sentence motion asserting that we erred in classifying him as an SVP. We denied Defendant's motion, and this appeal followed.

Reduced to basics, Defendant's two assignments of error contend that we erred and abused our discretion by accepting the findings of SOAB and Ms. Brust and classifying him as an SVP. This contention is based on Defendant's assertion that SOAB "erroneously determined the Defendant to be a Sexually Violent Predator based solely on his own admissions to viewing child pornography for a period of thirty years, and engaging one time in a sexual relationship with a fourteen year old girl." (Defendant's Rule 1925(b) Statement, ¶1). Defendant's assignments of error are meritless.

Our Superior Court recently articulated the standard and scope of review to be applied in a challenge to an SVP determination:

> A challenge to a determination of SVP status requires us to view the evidence:
>> [I]n the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue.

4

*Commonwealth v. Plucinski*, 868 A.2d 20, 25 (Pa.Super.2005) (internal citations and quotation marks omitted). The scope of review is plenary. *Commonwealth v. Brooks*, 7 A.3d 852 (Pa.Super.2010), *appeal denied*, 610 Pa. 614, 21 A.3d 1189 (2011). "[A]n expert's opinion, which is rendered to a reasonable degree of professional certainty, is **itself** evidence." *Commonwealth v. Fuentes*, 991 A.2d 935, 944 (Pa.Super.2010) (en banc), *appeal denied*, 608 Pa. 645, 12 A.3d 370 (2010) (emphasis in original).

A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. *Commonwealth v. Meals*, 590 Pa. 110, 119, 912 A.2d 213, 218 (2006). The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. *Commonwealth v. Baker*, 24 A.3d 1006, 1035 (Pa.Super.2011). A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation, whereas a challenge to the admissibility of the expert's opinion and testimony is an evidentiary question which, if successful, can lead to a new SVP hearing. *Commonwealth v. Sanford*, 580 Pa. 604, 608–09, 863 A.2d 428, 431 (2004) (distinguishing concepts of sufficiency of evidence versus admissibility of evidence, but refusing to render any opinion on whether SVP expert's "reliance on the affidavit of probable cause and the charging documents somehow rendered her testimony inadmissible as this issue is not before this court").

> As a general rule, [the] standard of review of a trial court's evidentiary ruling ... is limited to determining whether the trial court abused its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Dengler*, 586 Pa. 54, 65, 890 A.2d 372, 379 (2005) (internal citations and quotation marks omitted). Our task in either scenario is one of review, not one of reweighing or assessing the evidence in the first instance. *Meals, supra* at 127, 912 A.2d at 223.

*Commonwealth v. Prendes*, 97 A.3d 337, 355-56 (Pa. Super. 2014).

The current version of Megan's Law requires that the Commonwealth prove by clear and convincing evidence that an individual is an SVP. 42 Pa.C.S.A. § 9799.24(e)(3). To deem an individual an SVP, the Commonwealth must first show that the individual has been convicted of at least one sexually violent offense, as set forth in 42 Pa.C.S.A. Section 9799.14. Secondly, the Commonwealth must show that the individual has "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's status as an SVP. *See Commonwealth v. Prendes, supra; Commonwealth v. Askew,* 907 A.2d 624, 629 (Pa. Super. 2006), *appeal denied,* 919 A.2d 954 (Pa. 2007); *Commonwealth v. Kopicz,* 840 A.2d 342 (Pa. Super. 2003).

In this case, Defendant pled guilty to Sexual Abuse of a Child, a felony of the third degree, which is a sexually violent offense listed in Section 9799.12. Thus, the first element the Commonwealth was required to prove was undisputedly satisfied.

The second element the Commonwealth was required to prove is that Defendant has "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. The following elements must be considered:

> An assessment shall include, but not be limited to, an examination of the following:
> (1) Facts of the current offense, including:
>     i.    Whether the offense involved multiple victims.
>     ii.   Whether the individual exceeded the means necessary to achieve the offense.
>     iii.  The nature of the sexual contact with the victim.
>     iv.  Relationship of the individual to the victim.
>     v.   Age of the victim.

    vi.    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

    vii.    The mental capacity of the victim.

(2) Prior offense history, including:

    i.    The individual's prior criminal record.

    ii.    Whether the individual completed any prior sentences.

    iii.    Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

    i.    Age.

    ii.    Use of illegal drugs.

    iii.    Any mental illness, mental disability or mental abnormality.

    iv.    Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense.

42 Pa.C.S.A. § 9799.24(b).

Here, the Commonwealth relied upon the report and testimony of Ms. Brust, a practicing counselor of sex offenders and the SOAB evaluator who performed the court-ordered sex-offender assessment and prepared the SOAB report. Ms. Brust testified that in performing her assessment of Defendant, she had considered each of the statutory factors she was required to consider under Section 9799.24(b). She said that, based on her consideration of the statutory factors, the facts of this case, and the facts pertaining to Defendant's personal and criminal history, she had formed an opinion, to a reasonable degree of professional certainty, that Defendant meets the criteria for classification as an SVP. She outlined the facts she considered relevant to each factor in her written report and discussed the factors and corresponding facts during her testimony.

In summary, based on a review of all available records, including the record in this case and Defendant's personal and criminal history, and considering the factors under Section 9799.24, Ms. Brust diagnosed Defendant as having an Other Specified Paraphilic Disorder and found Defendant's prior and current offenses showed planning and intent consistent with predatory behavior. Specifically, Defendant "actively searched for, viewed, saved and masturbated to child pornography" and "[a]t some point, he felt that this was not enough and he acted out criminally with an actual 14 year old child" after he "preyed upon the child ... and planned his offense for months[.]" (SOAB report at 9). Furthermore, Ms. Brust concluded that Defendant "has a sexually deviant pathway to offending" and his "Other Specified Paraphilia Disorder will cause him to experience an internal drive towards sexual offending and his disorder predisposes him towards committing sexual crimes." (SOAB report at 8).

We found that Ms. Brust's uncontradicted testimony was credible and that her report, diagnoses, and conclusions were fully supported by both the facts and the law. Viewed in the light of the applicable standards, Ms. Brust's testimony and report are more than sufficient to establish, by clear and convincing evidence, that Defendant was an SVP.

In sum, we believe that our classification of Defendant as an SVP is fully supported by the facts and the law and should be affirmed.

Date: October 14, 2014



JONATHAN MARK,                                    J.

Cc:    Superior Court of Pennsylvania
       Jonathan Mark, J.
       District Attorney (CR)
       Public Defender (RS)

8