J-S28027-16
J-S28028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SETH STEINMAN | |
| Appellant | No. 967 EDA 2015 |

Appeal from the Order February 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-1218591-1991

\*\*\*\*\*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SETH STEINMAN | |
| Appellant | No. 536 EDA 2015 |

Appeal from the Order January 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-1238611-1999
MC-51-CR-1238621-1999

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 20, 2016**

---

[*] Retired Senior Judge assigned to the Superior Court.

Seth Steinman[1] appeals from the January 9, 2015 order denying his motion for expungement (MC-51-CR-1238611-1999 and MC-51-CR-1238621-1999), and from the February 20, 2015 order[2] denying his motion for expungement (MC-51-CR-1218591-1991). Pursuant to Pa.R.A.P. 513, we have consolidated these appeals.[3] After our review, we conclude that the Pennsylvania Supreme Court's decision in **Commonwealth v. Wallace**, 97 A.3d 310 (Pa. 2014) is dispositive, and, therefore, we affirm.

In 1991, Steinman was arrested and charged with possession of a controlled substance with intent to deliver (PWID), knowing and intentional possession of a controlled substance, and conspiracy. In January 1996, the Commonwealth *nol prossed* these charges. In the interim, however, in September 1994, Steinman was charged with aggravated assault,

---

[1] Seth Steinman is also known by the alias Seth Steinham. At dockets CP-51-CR-0102871-2002, MC-51-CR-1238611-1999, and MC-51-CR-138621-1999, Steinman was charged under the alias Seth Steinham.

[2] The time for appeal from the February 20, 2015 order expired on March 23, 2015. Steinman filed his notice of appeal on March 25, 2015. However, there is no indication on the docket that notice of the order was sent to Steinman. **See** Pa.R.A.P. 108(a)(1). Steinman avers he did not receive a copy of the order until March 23, 2015, as indicated in a letter he received from Judge Michael Erdos' law clerk, dated March 19, 2015. We, therefore, will not quash the appeal from the February 20, 2015 order. The appeal from the January 9, 2015 order was timely filed on February 6, 2015.

[3] "Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal." Pa.R.A.P. 513.

possessing instruments of crime, simple assault and recklessly endangering another person (REAP). He was later convicted of these crimes and sentenced to 21 to 48 months' imprisonment. Thereafter, on May 20, 2005, a jury convicted him of rape, sexual assault and simple assault; he was sentenced to 9 ½ to 20 years' imprisonment.

While incarcerated, Steinman filed two petitions to expunge from his criminal record the prior charges that had been *nol prossed* (simple assault, REAP, PWID, and possession), which the trial court denied. On appeal, Steinman argues the trial court abused its discretion in denying his petitions for expungement.

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion.

***Commonwealth v. Moto***, 23 A.3d 989, 993 (Pa. 2011) (citations omitted). A trial court abuses its discretion if in reaching a conclusion, the law is overridden or misapplied, or the exercised judgment is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. ***Commonwealth v. Hann***, 81 A.3d 57, 65 (Pa. 2013). To the extent Steinman's argument raises questions of law, our appellate standard of review is *de novo*, and the scope of our review is plenary. ***See Commonwealth v. Sanford***, 863 A.2d 428, 431 (Pa. 2004).

Our Supreme Court has recently clarified that the due process considerations attendant to an individual's right to petition for expungement of his or her criminal record are not implicated when the petitioner is incarcerated. *Commonwealth v. Wallace*, 97 A.3d at 320–22 (Pa. 2014). Accordingly, the Court held "that an inmate does not have the right to petition for expungement while incarcerated." *Id.* at 322. The Court recognized that the Commonwealth has a "compelling interest" in retaining an incarcerated defendant's criminal records, which may be needed if the defendant commits violations while in prison. "Moreover, a complete criminal history record may be needed in order to determine an inmate's eligibility for parole." *Id.*, citing 61 Pa.C.S. § 6135(a)(7) (parole board must consider prisoner's "complete criminal record" prior to release). As the *Wallace* Court noted: "[T]here is nothing preventing [defendant] from petitioning for expungement once he is released from custody." 97 A.3d at 321.[4]

_____

[4] We note the *Wallace* Court left unanswered the question of whether an incarcerated defendant may petition to expunge charges for which he was acquitted. *See* 97 A.3d at 318 n.14 (finding challenge to denial of expungement of acquitted charges waived for failing to file a timely Pa.R.A.P. 1925(b) statement; stating that defendant's "contention that acquittals must be expunged, is not of issue instantly[.]"). Here, however, the charges Steinman seeks to expunge were *nol prossed*. The record does not indicate whether the charges were *nol prossed* based upon lack of evidentiary support or whether the charges were dismissed in exchange for a plea.

In light of the foregoing, we find no abuse of discretion in the trial court's orders denying Steinman's petitions for expungement. We therefore affirm the trial court's orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016