J-S24026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD JOSEPH KAROLSKI | |
| Appellant | No. 1250 WDA 2016 |

Appeal from the Judgment of Sentence entered June 27, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No: CP-04-CR-0000762-2015

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                          **FILED JUNE 28, 2017**

Appellant, Clifford Joseph Karolski, appeals from the judgment of sentence the Court of Common Pleas of Beaver County entered on June 27, 2016.  Appellant argues the Commonwealth failed to offer sufficient evidence to prove Appellant met the Sexual Violent Predator (SVP) criteria.  We affirm.

The underlying facts and procedural history are undisputed.  Briefly, Appellant pleaded *nolo contendere* to one count of aggravated indecent assault of a child less than thirteen years old.  Following a hearing, the trial court concluded Appellant met the SVP criteria, and sentenced him to not

_____

[*] Former Justice specially assigned to the Superior Court.

less than 50 months nor more than 120 months' imprisonment.  This appeal

followed.

Appellant's sufficiency of the evidence argument consists of the

following:

> The absence of the number of factors in the present case
> coupled with the failure of [the SOAB expert] to personally
> interview [Appellant] should have cast some doubt on [the SOAB
> expert's] opinion that [Appellant] was a sexually violent
> predator.  Her admitted use of all the allegations made against
> [Appellant] in his past cases should likewise have raised some
> question[s] as to the objectivity of her determination.  Her
> opinion in the instant case was entirely based on hearsay[.]

Appellant's Brief at 12-13.

For the reasons explained below, we find Appellant's challenge

meritless.

> A challenge to a determination of SVP status requires us to view
> the evidence
>
> > in the light most favorable to the Commonwealth.
> > The reviewing court may not weigh the evidence or
> > substitute its judgment for that of the trial court. The
> > clear and convincing standard requires evidence that
> > is so clear, direct, weighty and convincing as to
> > enable [the trier of fact] to come to a clear
> > conviction, without hesitancy, of the truth of the
> > precise facts [at] issue.
>
> ***Commonwealth v. Plucinski***, 868 A.2d 20, 25 (Pa. Super.
> 2005) (internal citations and quotation marks omitted).  The
> scope of review is plenary. ***Commonwealth v. Brooks***, 7 A.3d
> 852 (Pa. Super. 2010), *appeal denied,* 610 Pa. 614, 21 A.3d
> 1189 (2011). "[A]n expert's opinion, which is rendered to a
> reasonable degree of professional certainty, is itself evidence."
> ***Commonwealth v. Fuentes***, 991 A.2d 935, 944 (Pa. Super.
> 2010) (*en banc*), *appeal denied,* 608 Pa. 645, 12 A.3d 370
> (2010) (emphasis in original).

A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. **Commonwealth v. Meals**, 590 Pa. 110, 119, 912 A.2d 213, 218 (2006). The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. **Commonwealth v. Baker**, 24 A.3d 1006, 1035 (Pa. Super. 2011). A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation, whereas a challenge to the admissibility of the expert's opinion and testimony is an evidentiary question which, if successful, can lead to a new SVP hearing. **Commonwealth v. Sanford**, 580 Pa. 604, 608–09, 863 A.2d 428, 431 (2004) (distinguishing concepts of sufficiency of evidence versus admissibility of evidence, but refusing to render any opinion on whether SVP expert's "reliance on the affidavit of probable cause and the charging documents somehow rendered her testimony inadmissible as this issue is not before this court").

> As a general rule, [the] standard of review of a trial court's evidentiary ruling ... is limited to determining whether the trial court abused its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

**Commonwealth v. Dengler**, 586 Pa. 54, 65, 890 A.2d 372, 379 (2005) (internal citations and quotation marks omitted). Our task in either scenario is one of review, not one of reweighing or assessing the evidence in the first instance. **Meals**, *supra* at 127, 912 A.2d at 223.

**Commonwealth v. Prendes**, 97 A.3d 337, 355-56 (Pa. Super. 2014),

*appeal denied*, 105 A.3d 736 (Pa. 2014).

Appellant acknowledges in his brief that there is no requirement for the Commonwealth "to prove all the assessment factors."[1]  Appellant's Brief at 12.  Yet, Appellant is asking this Court to reverse the trial court's SVP determination on the ground that the Commonwealth failed to offer evidence on some assessment factors.  Additionally, Appellant is asking us to reweigh the absent factors in his favor, and substitute our judgment for that of the trial court.  We must reject both of Appellant's requests.  **See Meals**, 912 A.2d at 220-24 (the Commonwealth does not have to show that any certain factor is present or absent in a particular case; the Superior Court's task is one of review, and not of weighing and assessing evidence).

Next Appellant alleges that the expert's failure to interview Appellant somehow negatively affected the expert's analysis and conclusions.  There is no statute or other authority (nor did Appellant cite any) requiring SOAB members to meet with a defendant for purposes of an SVP assessment. Similarly, there is no authority (nor did Appellant cite any) for the argument that the absence of an interview with a defendant is to be or has been construed against the Commonwealth.  The claim is, therefore, rejected.

Appellant next alleges that the expert in the instant matter "used" unproven allegations made against him in reaching her opinion.  The record

---

[1] **See** 42 Pa.C.S.A. § 9799.24(b) (relating to, *inter alia*, noninclusive list of factors to be considered by SOAB member in conducting an SVP assessment).

belies Appellant's allegation. First, the expert **considered** "all prior allegations, if they were dismissed or withdrawn, what the victim stated, what [Appellant] stated happened, and the ultimate disposition of the case." Trial Court Opinion, 10/07/16, at 9. "Considered" does not mean that the expert used the allegations against him, as Appellant erroneously alleges. Second, Appellant fails to recognize that controlling caselaw expressly allows SOAB members to consider the "arrest warrant, affidavit of probable cause, police reports, charge sheet, statements by the victim, *etc.* . . . in SOAB evaluations." **Prendes**, 97 A.3d at 362 (citing Pa.R.E. 703, 705) (emphasis added).[2]  Thus, under current law, for purposes of an SVP assessment, members of the SOAB can, and routinely do, consider information that often contains "unproven allegations."  Defendant can challenge the unproven allegations, but such challenges concern, as noted below, the weight, not the sufficiency of the evidence.

_____

[2] Additionally, Section 9799.24, in relevant part, states:

> All State, county and local agencies, offices and entities in this Commonwealth, including juvenile probation officers, shall cooperate by providing copies of records and information as requested by the [State Sexual Offender Assessment Board (SOAB)] in connection with the court-ordered assessment and the assessment requested by the Pennsylvania Board of Probation and Parole or the assessment of a delinquent child under section 6358 (relating to assessment of delinquent children by the State Sexual Offenders Assessment Board). . . .

42 Pa.C.S.A. § 9799.24(c).

Finally, despite the heading and the wording of his argument, Appellant actually is challenging the weight of the SOAB expert's testimony, seeking, in the process, reweighing of the expert's testimony in his favor. He is entitled to no relief. ***See Meals***, 912 A.2d at 223-24;[3] ***see also Fuentes***, 991 A.2d at 944 (appellant's argument that the evidence for the SVP determination was insufficient because expert's opinion was based solely on appellant's prior criminal record and police reports was in fact a challenge to the weight of the evidence). Additionally, as noted above, weight of the evidence is not for us to decide. ***Meals***, 912 A.2d at 223 (Regarding sexually violent predator assessments, "[t]he task of the Superior Court is one of review, and not of weighing and assessing evidence in the first instance."). Thus, to the extent Appellant's challenge can be construed as a challenge to the weight of the evidence, we conclude the challenge is unavailing.

Judgment of sentence affirmed.

_____

[3] In ***Meals***, the Supreme Court noted:

> To the extent [defendant] felt that the expert's 'diagnosis' was not fully explained, did not square with accepted analyses of the disorder, or was simply erroneous, he certainly was free to introduce evidence to that effect and/or to argue to the factfinder that the Commonwealth's expert's conclusions should be discounted or ignored. But that argument would affect the weight, and not the sufficiency, of the expert's evidence.

***Meals***, 912 A.2d at 223-24 (footnote omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2017