J-A31029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SOPHIA R. DAVIS | : | |
| | : | |
| Appellant | : | No. 1273 EDA 2017 |

Appeal from the Judgment of Sentence March 16, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002825-2016

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 30, 2018**

Appellant, Sophia R. Davis, appeals from the judgment of sentence entered on March 16, 2017 in the Criminal Division of the Court of Common Pleas of Delaware County following her jury trial convictions for forgery[1] and criminal attempt to acquire a controlled substance by fraud.[2] On appeal, Appellant challenges the sufficiency of the evidence introduced at trial to establish that she committed the foregoing offenses. After careful review, we affirm.

At the conclusion of trial on January 20, 2017, a jury found Appellant guilty of forgery and criminal attempt to acquire or obtain a controlled

---

[1] 18 Pa.C.S.A. § 4101.

[2] 35 P.S. § 780-113(a)(12), 18 Pa.C.S.A. § 901.

---

\* Former Justice specially assigned to the Superior Court.

substance by fraud. Thereafter, on March 16, 2017, the trial court sentenced Appellant to a term of eight to 36 months' imprisonment, followed by three years' probation, for criminal attempt to acquire or obtain a controlled substance by fraud. Appellant also received a concurrent term of three to 12 months' incarceration for forgery.

Appellant's convictions and sentence arose from the following incident. At approximately 2:00 p.m. or 2:30 p.m. on Saturday, April 30, 2016, Appellant entered a pharmacy located in Upper Darby, Delaware County. Once inside, Appellant presented a prescription to the pharmacist, Igdaliah Jackson, seeking 120 pills of (15 mg) Oxycodone. Appellant had not previously been a customer at the pharmacy. In addition to filling the prescription for Oxycodone, Appellant asked whether she could transfer prescriptions for other, non-narcotic medications from a Rite Aid pharmacy to Mr. Jackson's pharmacy. Mr. Jackson made a list of the prescriptions that Appellant sought to transfer and telephoned Rite Aid to discuss the matter.

At trial, Mr. Jackson explained to the jury that, in order for a prescription for narcotic medication to be valid and legal, the prescribing physician must include an identifying Drug Enforcement Agency (DEA) number identifying the doctor who wrote it. When Mr. Jackson examined the prescription that Appellant provided him, he noticed that it did not have a doctor's DEA number on it as required by law. The prescription did, however, have the name of Dr. Anthony M. Eubanks on it.

Mr. Jackson called Dr. Eubanks' office to verify the information on the prescription. After speaking with Dr. Eubanks, Mr. Jackson came to believe that the prescription presented by Appellant was fraudulent.[3] N.T. Trial, 1/19/17, at 40.

Mr. Jackson then asked Appellant to explain how she obtained the prescription for Oxycodone tablets. Appellant stated that she received it from someone who worked at Dr. Eubanks' office. Before Mr. Jackson could find out more from Appellant or call Dr. Eubanks' office again, the police arrived at Mr. Jackson's pharmacy.

Officer Francis Devine of the Upper Darby Police Department, a ten-year veteran, arrived at Mr. Jackson's pharmacy at about 2:30 p.m. Officer Devine testified that he responded to a call from an employee at the pharmacy regarding a woman trying to pass a fraudulent prescription. Based upon his observation of Appellant's frantic behavior and mannerisms, Officer Devine stated that Appellant appeared to be under the influence of narcotics. Officer Devine described Appellant as rambling, moving all around the pharmacy, and unable to maintain eye-contact. Appellant told Officer

---

[3] The trial court sustained defense counsel's hearsay objection when the prosecutor asked Mr. Jackson what Dr. Eubanks said when asked whether Appellant was one of his patients and whether he wrote the challenged prescription for her. *See* N.T. Trial, 1/19/17, at 39-40. Defense counsel did not object when the prosecutor asked Mr. Jackson to state his belief about the status of the prescription based upon his telephone conversation with Dr. Eubanks. *See id.* at 40.

Devine that she lived in Philadelphia, in the East Fairmont Park section, about 7 miles away. Appellant also told Officer Devine that she took a bus or public transportation to get to Mr. Jackson's pharmacy from Philadelphia. She also told the officer that she tried to fill the prescription at another pharmacy before coming to the Upper Darby pharmacy.

Officer Devine also telephoned Dr. Eubanks to verify the prescription presented by Appellant. During the call, Officer Devine learned that prescription pads had recently been stolen from the doctor's office. When Officer Devine asked Appellant about the prescription, Appellant told him she was Dr. Eubanks' patient and that she obtained the prescription from a nurse who filled it out even though the signature on it was that of Dr. Eubanks. Over the objection of defense counsel, Officer Devine testified that, to the best of his knowledge, Appellant had never been Dr. Eubanks' patient.[4] *See* N.T. Trial, 1/19/17, at 55.

Following the imposition of sentence on March 16, 2017, Appellant filed a timely notice of appeal on April 12, 2017. Thereafter, pursuant to order of court, Appellant filed a timely concise statement of errors complained of on appeal on May 12, 2017. *See* Pa.R.A.P. 1925(b).

---

[4] Dr. Eubanks was subpoenaed to testify at trial but he failed to appear for court despite assuring the prosecutor that he would be there. Appellant did not testify on her own behalf.

- 4 -

Appellant's concise statement preserved the sole issue she raises before this Court. The trial court issued its Rule 1925(a) opinion on May 25, 2017.

Appellant lists the following issue in her brief:

Whether the evidence is insufficient to establish all the elements of the crimes of forgery and attempt to acquire or obtain controlled substances by misrepresentation or fraud beyond a reasonable doubt where the entire case against [Appellant] consisted of conclusions based on out-of-court statements by a necessary third party who never testified.

Appellant's Brief at 7 (complete capitalization omitted).

We assess Appellant's sufficiency challenge under a well settled standard and scope of review.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." *Commonwealth v. Ansell*, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Ford*, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

*Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa. Super. 2017).

Appellant's specific claim in this appeal focuses upon the type and source of evidence introduced by the Commonwealth to establish that Appellant committed forgery and criminal attempt to acquire a controlled

substance by fraud. Hence, we shall dispense with citations to the crimes code and interpretative case law setting forth the elements of Appellant's offenses.

Here, Appellant argues that "[t]he key evidence necessary to convict [her] of [f]orgery and [a]ttempt to [a]cquire a [c]ontrolled [s]ubstance by [f]raud … revolved around the factual determination as to whose signature appeared on the prescription that [Appellant] presented to the pharmacist on April 30, 2016." Appellant's Brief at 13. In view of this, "it was incumbent upon the [Commonwealth] to present the testimony of … the only person with firsthand knowledge as to the validity of the signature on the prescription[, Dr. Eubanks.]" *Id.* Appellant insists that her judgment of sentence must be vacated because the Commonwealth's evidence, *i.e.* the testimony of Mr. Jackson and Officer Devine, "was not factual in nature but amounted to nothing more than the conclusions of the main witnesses [who testified without personal knowledge of Appellant's alleged criminal conduct.]" *Id.* at 10. This claim merits no relief.

Our Supreme Court has observed:

[A] challenge to the admissibility of evidence is separate from a sufficiency claim. Indeed, it is improper for a court, when reviewing a sufficiency challenge, to eliminate from its consideration any evidence which it deems to be inadmissible. This [C]ourt has stated with great precision that in addressing sufficiency of the evidence claims,

we are called upon to consider all of the testimony that was presented to the jury during the trial, **without consideration as to the admissibility of that evidence**.

> The question of sufficiency is not assessed upon a diminished record. Where improperly admitted evidence has been allowed to be considered by the jury, its subsequent deletion does not justify a finding of insufficient evidence. The remedy in such a case is the grant of a new trial.

**Commonwealth v. Sanford**, 863 A.2d 428, 431-432 (Pa. 2004) (emphasis added), *citing* **Commonwealth v. Smith**, 568 A.2d 600, 603 (1989).

We are bound, in this case, to consider the testimony of Mr. Jackson and Officer Devine in reviewing Appellant's sufficiency challenge. Viewed in the light most favorable to the Commonwealth, the testimony offered by these witnesses supported reasonable inferences by the jury that Appellant was not a patient of Dr. Eubanks and that the prescription she presented was fraudulent. Whether correctly admitted or not,[5] the testimony and evidence as a whole demonstrated Appellant's guilt beyond a reasonable doubt. Accordingly, Appellant's sufficiency challenge merits no relief.

Judgment of sentence affirmed.

---

[5] Appellant neither raised nor preserved a challenge to the trial court's evidentiary rulings in her concise statement filed pursuant to Pa.R.A.P. 1925 and she did not include such a claim in her brief to this Court. Because we have not been asked to consider the trial court's evidentiary determinations, we cannot grant the remedy of a new trial.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/18