J-A17027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.I.-A.B.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.I.-A.B.S., A MINOR | : | No. 1892 EDA 2020 |

Appeal from the Order Entered August 18, 2020
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  No. 2020-04996

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                    **FILED AUGUST 17, 2021**

Appellant, T.I.-A.B.S., appeals from the order entered in the Monroe County Court of Common Pleas, finding that Appellant was a sexually violent delinquent child ("SVDC") in need of involuntary treatment pursuant to 42 Pa.C.S.A. § 6403.  We affirm.

The facts and procedural history of this case are as follows.  In 2017, Appellant was adjudicated delinquent of indecent assault against his half-sister, B.S.  In 2019, Appellant, who was 19 years old at the time, was arrested and charged, in separate criminal matters, of assaulting two of his sisters.  The first case involved charges of Appellant's assault on B.S. on multiple occasions between 2017 and 2019, when B.S. was between eleven

---

* Retired Senior Judge assigned to the Superior Court.

and thirteen years old. The second case involved charges of Appellant's assault on his sister J.S. between 2016 and 2017, when she was between nine and ten years old. The Commonwealth could not prove that Appellant committed the assaults after his 18th birthday. As a result, Appellant was charged via a juvenile petition with numerous sexual offenses related to the assaults. In the interim, Appellant was placed in the Adelphoi Village at Middle Creek, a secure residential sex offender treatment program.

On June 17, 2020, following placement review and dispositional review hearings, the court issued an order finding that the Commonwealth had established a *prima facie* case that Appellant was in need of involuntary treatment under the provisions of Act 21,[1] and directing that an Act 21 petition be filed.

On August 18, 2020, the court held the Act 21 hearing. Following the hearing, the court found that Appellant was a SVDC in need of involuntary treatment due to a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes him likely to engage in an act of sexual violence.

Appellant timely filed a notice of appeal on September 16, 2020. On September 18, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which he

---

[1] ***See*** 42 Pa.C.S.A. §§ 6401-6409.

timely filed on October 9, 2020.

Appellant raises the following issue for our review:

> Did the Court of Common Pleas err and abuse its discretion by finding, based on the evidence provided, that Appellant was an individual in need of involuntary treatment pursuant to 42 Pa.C.S.A. Chapter 64?

(Appellant's Brief at 7).

Appellant argues that his designation as a SVDC is inappropriate because he has made progress in his treatment such that involuntary treatment is not justified, and where Appellant presents only an average risk of recidivism. Appellant claims the court's finding was not based upon "him personally and his issues" so much as his age and the Commonwealth's intent to keep Appellant in mandated treatment for a longer period. Appellant concludes there was insufficient evidence to support his SVDC designation, and this Court must grant appropriate relief. We disagree.

Act 21 provides in relevant part:

### § 6403.  Court-ordered involuntary treatment

**(a)  Persons subject to involuntary treatment.--**A person may be subject to court-ordered commitment for involuntary treatment under this chapter if the person:

(1)  Has been adjudicated delinquent for an act of sexual violence which if committed by an adult would be a violation of 18 Pa.C.S. § 3121 (relating to rape), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault), 3125 (relating to aggravated indecent assault), 3126 (relating to indecent assault) or 4302 (relating to incest).

(2)  Has been committed to an institution or other

- 3 -

facility pursuant to section 6352 (relating to disposition of delinquent child) and remains in any such institution or facility upon attaining 20 years of age as a result of having been adjudicated delinquent for the act of sexual violence.

(3)    Is in need of involuntary treatment due to a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence.

42 Pa.C.S.A. § 6403(a).

This Court has explained:

[A]t the [Act 21] hearing, it is the Commonwealth that bears the burden of showing by clear and convincing evidence that "the person has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence.  If the Commonwealth meets this burden, the court is to enter an order committing the person to inpatient treatment for a period of one year." *In the Interest of A.C.*, 991 A.2d 884, 889 (Pa.Super. 2010) (citations, quotation marks, and emphasis omitted). Our Supreme Court has defined clear and convincing evidence as "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue."  *In re R.I.S.*, [614 Pa. 275,] 36 A.3d 567, 572 (2011) (citing *In re Adoption of Atencio*, [539 Pa. 161,] 650 A.2d 1064 (1994)).   Thus, the clear and convincing evidence test "has been described as an 'intermediate' test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt."  *Commonwealth v. Meals*, [590 Pa. 110,] 912 A.2d 213, 219 (2006). Moreover, "in conducting [a] sufficiency review, we must consider the evidence in the light most favorable to the Commonwealth, which prevailed upon the issue at trial." *Id.* at 218 (citing *Commonwealth v. Sanford*, [580 Pa. 604,] 863 A.2d 428 (2004)).  With regard to sexually violent predator assessments, "[t]he task of the Superior Court is

- 4 -

one of review, and not of weighing and assessing evidence in the first instance." **Meals**, 912 A.2d at 223.

**In re S.T.S., Jr.**, 76 A.3d 24, 38-39 (Pa.Super. 2013).

Instantly, Appellant was adjudicated delinquent of aggravated indecent assault, one of the enumerated crimes listed in Section 6403. Further, it is undisputed that Appellant was committed to Adelphoi Village and remained there after turning 20 years old. As both the first and second prongs of Section 6403(a) are clearly established, Appellant's argument turns on the third prong, namely whether Appellant suffers from a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence. **See** 42 Pa.C.S.A. § 6403(a).

In finding Appellant was a SVDC, the trial court reasoned:

> [Veronique N. Valliere, Psy.D., the Sexual Offenders Assessment Board member who evaluated Appellant,] testified that in performing her assessment of [Appellant] and reaching her conclusions she reviewed all available information, including: affidavits of probable cause, police reports, and the original criminal complaints; juvenile court records including [Appellant's] treatment records, the review hearing reports prepared by Adelphoi and our Juvenile Probation Office, and the adjudication and dispositional order; reports regarding the sex offender treatment [Appellant] received after his first sexual assault of B.S.; the updated treatment report prepared by Adelphoi shortly before the Act 21 hearing; a therapeutic polygraph report; and the report of an interview of [Appellant] conducted by a SOAB investigator. In addition, Dr. Valliere herself interviewed [Appellant] and [Appellant's] therapist at Adelphoi. Based on this information, her assessment, and the statutory factors, Dr. Valliere unequivocally rendered her opinion, to a reasonable degree of professional

certainty, that [Appellant] meets the criteria for civil commitment under Act 21. Specifically, Dr. Valliere opined that [Appellant] suffers from Other Specified Paraphilic Disorder to Children and Non-consent that results in difficulty for [Appellant] in controlling sexually violent behavior and makes him likely to engage in an act of sexual violence.

Both in her report and in her testimony, Dr. Valliere gave reasons, supported by the record, for her opinions, outlined the facts, circumstances, and history she considered, and explained her findings with reference to statutory criteria. In broad summary, but not by way of limitation:

Among other things, Dr. Valliere found [Appellant's] behavior during the commission of the underlying offenses to be intentional, predatory, and demonstrative of recidivist tendencies. This opinion was based on, among other things: the facts and circumstances surrounding the crimes; the fact that there were multiple victims, one of whom he had victimized before; [Appellant's] age and the ages of both girls; the sibling relationship with each victim and [Appellant's] use of that relationship to manipulate and sexually assault the children; and his objectification of and detachment from his family victims, whom he referred to as "targets." His arousal to children was also a significant factor.

Over a period of five years, [Appellant] sexually assaulted his younger sisters multiple times, even after legal, social, and familial consequences and treatment. He re-abused B.S. when she was about eleven or twelve, despite the fact that he had previously been adjudicated for abusing her in 2015 and was placed in outpatient treatment for about a year until August 2018. [Appellant's] abuse of B.S., J.S., or both while in treatment or shortly after being released from treatment demonstrates that his motivation to reoffend tends to override all his knowledge, fear of consequences for himself or his family, or empathy, if any, for his victims. It also demonstrates that [Appellant] has not internalized treatment. In fact, the record demonstrates and Dr. Valliere highlighted that [Appellant] made little if any progress in treatment in the 9 or 10 months he was at Adelphoi.

Dr. Valliere's interview with [Appellant] further revealed that [Appellant] was unable to provide insight into his motivation, sexual deviances, or triggers to his offending. Accordingly, he could not understand what barriers he needed to prevent him from reoffending. [Appellant] discussed how he targeted the most vulnerable and quiet siblings he had access to and blamed them for not resisting him. He denied any use of force, clearly not understanding that it could result from age, gender, status in the family, or previously established fear.

Additionally found significant was the fact that, clinically and chronologically, [Appellant] is an adult offender. [Appellant's] offending began when he was 16, an age at which personality disorders and deviant sexual arousal start appearing, and was not an outgrowth of early adolescent behavior. Dr. Valliere explained that when offending behavior begins during early adolescence, the offender sometimes outgrows the behavior and there is more of a chance that the offender will respond to treatment. However, when the offending behavior begins in late adolescence or in adulthood the behavior is typically not outgrown and much harder to manage and treat.

In short, as succinctly summarized by Dr. Valliere in response to a wrap-up question posed at the end of her direct testimony, "[Appellant] has a disorder that predisposes him to risk of re-offense and has demonstrated its difficulty in the recent past." Simply, the evidence proved that [Appellant] is a predatory recidivist who has self-proven the Act 21 criteria.

We found that Dr. Valliere's uncontradicted testimony was credible and that her report, diagnoses, and conclusions were fully supported by both the facts and the law. Viewed in the light of the applicable standards, Dr. Valliere's testimony and report are more than sufficient to establish, by clear and convincing evidence, that [Appellant] is a SVDC in need of involuntary treatment pursuant to Act 21. [Appellant's] protestation to the contrary lacks merit.

(Supplemental Trial Court Opinion, filed 12/23/20, at 8-11) (internal citations

to the record omitted). In short, the court found that, contrary to Appellant's

assertions, he was at significant risk of reoffending and had made little progress in treatment.

Based upon the foregoing and viewing the evidence in the light most favorable to the Commonwealth as the prevailing party, we agree that the Commonwealth has shown by clear and convincing evidence that Appellant has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes him likely to engage in an act of sexual violence. ***See S.T.S., Jr., supra***. Accordingly, we affirm the trial court's order finding that Appellant is a SVDC in need of involuntary treatment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021