J-A19005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN KEITH BIRNEY | : | |
| | : | |
| Appellant | : | No. 2087 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003143-2020

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 11, 2023**

Steven Keith Birney appeals from the aggregate judgment of sentence of six to twenty-three months of incarceration followed by ten years of probation.  We affirm.

The trial court recounted the pertinent facts of the case as follows:

> In April 2020, Bucks County Detective Dante N. Montella received information from the National Center for Missing and Exploited Children which indicated that in March 2020, someone in the detective's jurisdiction had uploaded ten graphic images and/or videos to a Tumblr blog depicting young males, under the age of 18, in sexually provocative positions.  This individual was ultimately identified as Appellant.  Upon a further search of Appellant's cell phone, investigators found additional images and videos of underage males in sexually provocative positions and engaging in sexual acts.

Trial Court Opinion, 1/18/22, at 1.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was subsequently charged with two counts of possession of child pornography. He pled guilty to both counts. The court deferred sentencing so that the Pennsylvania Sexual Offenders Assessment Board ("SOAB") could evaluate whether Appellant was a Sexually Violent Predator ("SVP"). To complete the assessment, the SOAB appointed Dr. Veronique N. Valliere, an expert in SVP analysis. The court held a hearing, wherein Dr. Valliere testified and offered her expert opinion that Appellant satisfied the SVP criteria. At the conclusion of the hearing, the court found that the Commonwealth proved by clear and convincing evidence that Appellant was an SVP. Thereafter, the court sentenced him to six to twenty-three months of incarceration for the first count of possession of child pornography, followed by five years of probation. For the second count, he was sentenced to ten years of probation, to be served concurrently with the period of probation imposed at the first count.

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant articulates the following issue for our review: "The Commonwealth failed to present sufficient evidence to prove that Appellant is a Sexually Violent Predator."[1] Appellant's brief at 4.

---

[1] We reject the Commonwealth's request to dismiss this appeal for lack of specificity in Appellant's Rule 1925(b) statement, as his statement clearly and succinctly identified and preserved the sole issue he now raises before this Court, and the trial court ably and comprehensively addressed the issue in its Rule 1925(a) opinion. *See* Rule 1925(b) Statement, 12/2/21, at 1. ("The Commonwealth failed to present sufficient evidence to prove that Appellant is a Sexually Violent Predator").

Our Supreme Court has discussed the standard and scope of review in this context as follows: "[W]ith respect to our sufficiency review, our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). Furthermore, "[w]e will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." ***Commonwealth v. Morgan***, 16 A.3d 1165, 1168 (Pa.Super. 2011).

This Court has explained the SVP determination process as follows:

[An SVP] is defined as a person who has been convicted of a sexually violent offense . . . and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. . . . Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189-190 (Pa.Super. 2015) (cleaned up). We have also recited the pertinent factors that a mental health professional must consider when performing an SVP assessment:

> whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.

*Id*. at 190 (cleaned up).

We now turn to Appellant's arguments surrounding his SVP determination. In his brief, Appellant contends that "[t]he Commonwealth relied exclusively on hearsay, lacking any proof to support the underlying claims that formed the basis for [its] expert's opinion, thus failing to present sufficient evidence to prove that Appellant is a[n SVP]." Appellant's brief at 13 (cleaned up). Appellant maintains that Dr. Valliere improperly relied on third-party documents including police reports in formulating her determination that Appellant was an SVP and that her expert report, which was entered into the record, depended exclusively upon unproven and inadmissible hearsay. *See id*. at 19-20. Furthermore, he alleges that the

Commonwealth used only hearsay evidence to satisfy the "predatory behavior" prong of the SVP test and concludes by arguing that the "Commonwealth never offered admissible evidence" and, therefore, "the evidence was insufficient to support a clear and convincing finding of SVP." *Id*. at 20-22.

Our review of Appellant's arguments is framed by the following principle:

> A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation, whereas a challenge to the admissibility of the expert's opinion and testimony is an evidentiary question which, if successful, can lead to a new SVP hearing. *Commonwealth v. Sanford*, 580 Pa. 604, 863 A.2d 428, 431 (2004) (distinguishing concepts of sufficiency of evidence versus admissibility of evidence, but refusing to render any opinion on whether SVP expert's "reliance on the affidavit of probable cause and the charging documents somehow rendered her testimony inadmissible, as this issue is not before this court").

*Commonwealth v. Aumick*, 297 A.3d 770, 776 (Pa.Super. 2023) (*en banc*) (cleaned up) (some citations and quotations omitted).

Appellant's contentions concerning the evidence used by Dr. Valliere in formulating her SVP recommendation echo those raised and rejected by this Court sitting *en banc* in **Aumick**. Therein, the appellant argued that the SVP assessor relied only upon documents provided by the Commonwealth,

material which he alleged was inadmissible hearsay. *See id*. This Court was unpersuaded, holding that it was clear the legislature intended a SOAB member to:

> consider more than the limited facts included in a plea colloquy, and that the SOAB member undertake to review and consider the information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment and preparing a statutorily compliant written report. To be sure, it would be the rare occasion on which the SOAB member would be able to fulfill its statutory obligations if its SVP assessments and written reports were limited to facts contained in a plea colloquy, admitted into evidence, or determined by the trier of fact.
>
> Moreover, in the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony. Indeed, the facts presented at an SVP hearing are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario. Instead, they constitute information, gleaned from records which are reasonably relied on in SOAB evaluations, that is presented to the trial court solely to supply the basis for the expert's opinion in accordance with our Rules of Evidence. Accordingly, the otherwise inadmissible facts reasonably relied upon by [the SOAB evaluator] to explain the basis of her opinion . . . do not constitute substantive evidence.

*Id*. at 782 (cleaned up).

Thus, in making an ultimate determination of Aumick's SVP status, the SVP assessor was not limited to information admitted at trial or guilty plea proceedings, and we found unavailing Aumick's challenges to the type of evidence the SVP evaluator may consider. *Id.* at 781.

In the instant case, Appellant argues that the Commonwealth never provided "dockets, transcripts, or a certified record" detailing any of his previous charges, instead relying upon evidence he deemed hearsay.

Appellant's brief at 18, 21. However, our decision in **Aumick** explicitly illustrates that the SOAB member would not be able to fulfill the statutory requirements by only considering materials such as those which Appellant argues would be admissible. **See Aumick**, **supra** at 782. Moreover, this Court concluded that the facts presented at an SVP hearing "are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario." **Id**. Instead, the facts proffered at an SVP hearing only provide the foundation for the expert's opinion and are not substantive evidence. **See id**. Here, the information reasonably relied upon by Dr. Valliere to formulate her expert opinion was not offered at the SVP hearing for the truth of the matter asserted and was not substantive evidence. As such, Appellant cannot prevail on a claim that Dr. Valliere improperly used hearsay evidence in formulating her determination.

We reached a similar conclusion in **Commonwealth v. Waldo**, 2023 WL 4417522 (Pa.Super. July 10, 2023) (non-precedential decision).[2] Waldo argued that the SVP assessor used inadmissible hearsay evidence such as, *inter alia*, police reports, probation records, and Pennsylvania Department of Corrections records in formulating his determination that Waldo was an SVP. **Id**. at *1. Relying upon **Aumick**, we held that the SVP evaluator "was permitted to consider this evidence in rendering his opinion as to whether

---

[2] Under Pa.R.A.P. 126(b), we may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value.

Waldo should be classified as an SVP." *Id*. at *5. Therefore, based upon our decisions in *Aumick* and *Waldo*, Appellant's claim merits no relief.

Furthermore, our review of the certified record indicates that there was more than sufficient evidence proving that Appellant was an SVP. Appellant committed a sexually violent offense. To satisfy the prong concerning a mental disorder, Dr. Valliere testified that Appellant had a paraphilic disorder, a fact conceded by Appellant. *See* N.T. SVP Hearing, 9/8/21, at 15, 96. Additionally, the certified record makes clear that Appellant had a history of predatory behavior and had previously engaged in "victimizing acts," including soliciting explicit images from a boy on the Internet. *Id*. at 17. Moreover, the certified record also illustrates that Dr. Valliere appropriately analyzed the pertinent factors that a mental health professional must consider. *See id*. at 17-24. Dr. Valliere then concluded that the evidence was sufficient to classify Appellant as an SVP. *See id*. at 24. Thus, the record supports the trial court's determination that the Commonwealth satisfied its burden in proving by clear and convincing evidence that Appellant was an SVP.[3]

For the foregoing reasons, Appellant's challenges to his judgment of sentence merit no relief.

Judgment of sentence affirmed.

---

[3] Moreover, Dr. Valliere's opinion, rendered with a reasonable degree of professional certainty, "constituted sufficient evidence for the trial court to make its SVP determination." *Aumick*, *supra* at 783.

- 8 -

Judge Stabile joins this Memorandum.

Judge Pellegrini files a Concurring Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2023